UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-52 |
| | § | |
| 8.903 ACRES OF LAND, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the "Opposed Motion by the United States of America for Order of Immediate Possession"[1] filed by the United States of America ("United States"). John F.J. Guerra ("Defendant") filed a response.[2] After duly considering the motion, record, and relevant authorities, the Court **GRANTS** the motion.

### I. BACKGROUND

This is a land condemnation case brought by the United States against Defendant for the taking of a 12-month temporary, assignable easement in Tract RGV-RGC-4002, ("the Subject Property"), 8.903 acres of land owned by Defendant, through eminent domain in order to "help secure the United States/Mexico border within the State of Texas."[3] On February 13, 2019, the United States filed a complaint in condemnation,[4] declaration of taking,[5] and notice in condemnation.[6] The United States requests judgment that the interest in Tract RGV-RGC-4002 "be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper."[7] The United States estimates

---

[1] Dkt. No. 19.
[2] Dkt. No. 20.
[3] Dkt. Nos. 1-2, 2-1, 3-1.
[4] Dkt. No. 1.
[5] Dkt. No. 2.
[6] Dkt. No. 3.
[7] Dkt. No. 1 p. 2.

just compensation at $100.00,[8] which was deposited[9] into the Registry of the Court on February 25, 2019, but has not yet been disbursed.

On April 16, 2019, the Court abated the case because the United States was unable to move forward with surveys for at least five months.[10] After participating in congressionally mandated consultations, the United States informed the Court it could proceed with surveys.[11] Thus, the Court lifted the abatement on October 10, 2019.[12] The United States then filed the instant motion for immediate possession pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114 and Federal Rule of Civil Procedure 71.1, requesting immediate possession of the Subject Property.[13] Defendant responded in opposition.[14] The Court now turns to its analysis.

## II. LEGAL STANDARD

Pursuant to the Declaration of Taking Act, the Government may bring an expedited proceeding to acquire land, or an easement in land, for public use by filing a Declaration of Taking setting forth a statement of authority under which the land is being taken, the public use for which the land is being taken, a description of the land, the estate or interest in the land being taken, a plan showing the land being taken, and an estimate of the just compensation amount.[15] "The United States has the authority to take private property for public use by eminent domain . . . but is obliged by the Fifth Amendment to provide 'just compensation' to the owner thereof."[16]

Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the United States; (2) the land is condemned

---

[8] Dkt. Nos. 1-2, 2-1, 3-1 p. 13 ("Schedule F").
[9] Dkt. No. 5; Minute Entry dated February 26, 2019.
[10] Minute Entry dated April 16, 2019.
[11] Dkt. No. 17.
[12] Dkt. No. 18.
[13] Dkt. No. 19.
[14] Dkt. No. 20.
[15] *See* 40 U.S.C. § 3114(a).
[16] *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 9 (1984) (citation omitted).

and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation."[17] The court "may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner."[18] However, the district court performs "an almost ministerial function in decreeing the transfer of title" and is "powerless to dismiss the proceedings."[19]

Under the Declaration of Taking Act, "[t]itle and right to possession thereupon vest immediately in the United States."[20] The Supreme Court has recognized that the purpose of the Declaration of Taking Act is "to give the Government immediate possession of the property," while simultaneously providing the former owner "immediate cash compensation to the extent of the Government's estimate of the value of the property."[21] The United States may avail itself of the expedited procedures prescribed by the Act "whenever an officer of the United States is authorized to bring a condemnation action in federal court."[22] However, courts have determined the eminent domain statutes require some level of negotiation between the government and the owner of a property interest prior to the institution of eminent domain procedures.[23]

The sole defense to a condemnation action is that the United States lacks the authority to take the interest sought in the complaint in condemnation.[24] The Fifth Circuit has found that judicial review in condemnation actions is limited to "the bare issue of whether the limits of

---

[17] 40 U.S.C. § 3114(b); *see East Tennessee Natural Gas Co. v. Sage,* 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").
[18] 40 U.S.C. § 3114(d)(1).
[19] *U.S. v. 162.20 Acres of Land*, 639 F.2d 299, 303 (5th Cir. 1981), *cert. denied*, 454 U.S. 828 (1981).
[20] *Kirby Forest Indus.*, 467 U.S. at 5; *162.20 Acres of Land*, 639 F.2d at 303 ("[W]here the government is not already in possession of the property, the filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").
[21] *U.S. v. Miller*, 317 U.S. 369, 381 (1943).
[22] *U.S. v. 1.04 Acres of Land, More or Less, Situate in Cameron County, Tex.,* 538 F. Supp. 2d 995, 1007 (S.D. Tex. 2008).
[23] *Id.* at 1010 (citing 8 U.S.C. § 1103(b)(3)).
[24] *162.20 Acres of Land*, 639 F.2d at 303.

authority were exceeded."[25] Additionally, while failure to follow consultation procedures may delay possession, non-compliance with any consultation requirements is not a defense against the condemnation itself under the Declaration of Takings Act.[26]

### III. ANALYSIS

The United States avers acquiring the easement immediately is a necessary step in implementing the congressional directive to secure the border between the United States and Mexico, pointing to the Secure Fence Act of 2006 as evidence of a congressional mandate.[27] The United States additionally notes it requires possession of the Subject Property to "begin surveying, testing, and other investigatory work needed to finalize the construction and design plans for fencing, roads, security lighting, and/or related structures in Starr County, Texas."[28]

Defendant requests the Court deny the motion, challenging the "*de mininus*" just compensation estimate, the "arbitrary and/or bad faith manner in which the $100 was offered," and the source of funding for the just compensation.[29] Importantly, Defendant notes the Fifth Circuit Court of Appeals has not recognized a bad faith deposit doctrine, but still requests the Court recognize a split among other Circuit Courts of Appeals.[30] To this end, Defendant argues "there is no 'estimate' made by the [United States] of the value of the land being taken . . . the [United States'] offer at $100 is not an 'estimate' as required by the Statute."[31] Defendant "has investigated and reasonably determined, the [United States] provides this identical valuation and identical declaration in essentially every border wall right of entry lawsuit . . . it is always the

---

[25] *Id.*
[26] *1.04 Acres of Land*, 538 F. Supp. 2d at 1013; *see also 162.20 Acres of Land*, 639 F.2d 299 (holding under 40 U.S.C. § 258a, the predecessor statute to 40 U.S.C. § 3114(d), that while a district court can enjoin possession of the property until there was compliance with the requirements of the National Historical Preservation Act of 1966, such lack of compliance is not a defense to the condemnation itself).
[27] Dkt. No. 19.
[28] *Id.* at p. 4.
[29] Dkt. No. 20.
[30] *Id.* at pp. 7–8.
[31] Dkt. No. 20 pp. 2, 6.

same [$100.00 just compensation estimate]."[32] While the Court certainly questions the United States' practice, the Court nonetheless denies Defendant's requests.

Importantly, Defendant fails to make the sole defense that the United States lacks authority to take the interest of the Subject Property. Rather, Defendant's defense centers on an alleged procedural violation with the United States' Declaration of Taking in that the United States allegedly failed to provide "a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken."[33] The Court does not dispute that Defendant is entitled to just compensation. As noted above, the just compensation amount due to Defendant requires negotiation between Defendant and the United States instead of bare reliance on the United States' $100.00 just compensation estimate.[34] Defendant fails to show how the United States has acted in bad faith in providing this estimate. Defendant mentions no failing ongoing negotiations or conference efforts regarding the just compensation. In fact, the United States stated in its October 4, 2019 status report that it would "work with Defendant to resolve the remaining issue of just compensation."[35] Thus, despite Defendant's contest to the amount, the Court finds the United States meets the Declaration of Taking procedural requirements in providing a $100.00 just compensation estimate.

Considering the extent of the temporary possession, 12 months, the Court finds the estimated compensation, $100, may be insufficient compensation. However, "[t]he burden of establishing the value of lands sought to be condemned is on the landowner."[36] Federal courts have long held that an appropriate measure of damages in a partial-taking case, such as is the case here, "is the difference between the value of the parent tract before the taking and its value

---

[32] *Id.* at p. 6.
[33] 40 U.S.C. § 3114(a)(5).
[34] *1.04 Acres of Land*, 538 F. Supp. 2d at 1010.
[35] Dkt. No. 17 p. 2.

[36] *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty.,* 680 F.2d 388, 394 (5th Cir. 1982).

after the taking."[37] "[J]ust compensation must be measured by an objective standard that disregards subjective values which are only of significance to an individual owner."[38] Further, the estimated deposit alone is merely an estimate and is meaningless to the issue of just compensation.[39] Accordingly, the Court finds Defendant may present evidence at this stage to determine sufficient valuation of the Subject Property.

Defendant further argues the United States "cannot use funds from the Presidential Proclamation of February 15, 2019 and the Motion Should be Denied or Stayed to the Extent That Such Funds May be Used."[40] Defendant raises this argument despite stating "it is unclear whether the [sic] some or all of funds to be used in connection with this matter have been made available pursuant to the ['Presidential'] Proclamation ['of February 15, 2019'], to the extent that any funds have been made available pursuant to the Proclamation . . . ."[41] Notwithstanding Defendant's vague allegation, Defendant cites to no authority providing this Court any authority to dictate how the United States allocates funds for this matter. The Court denies Defendant's request.

Alternatively, Defendant requests the Court delay a ruling on the motion "such that the parties may conduct discovery to determine [the United States'] efforts, if any, to comply with the 'estimate' requirement of the statu[t]e and to supplement this briefing after such discovery is completed." Because the Court has already determined Defendant may present evidence of sufficient valuation, the Court finds discovery on the "estimate" issue unnecessary. The Court again denies this request.

---

[37] *Id.* at 392.
[38] *United States v. 50 Acres of Land*, 469 U.S. 24, 35 (1984).
[39] *See, e.g., Miller*, 317 U.S. at 381 ("The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due."); *Evans v. United States*, 326 F.2d 827, 829 (8th Cir. 1964) ("The deposit of estimated compensation by the government is no evidence of value and has no bearing whatsoever on value.") (citations and internal quotation marks omitted); *United States v. Catlin*, 142 F.2d 781, 784 (7th Cir. 1944) (stating that the government's estimate of the value of the property taken "is merely tentative," and that "the amount awarded may be increased or decreased by final judgment.").
[40] Dkt. No. 20 p. 8.
[41] *Id.* at pp. 8–9.

Under the Declaration of Takings Act, once the United States has fulfilled the statutory requirements, the "[t]itle and right to possession . . . vest immediately in the United States."[42] Here, the United States has filed a Declaration of Taking and deposited an estimated compensation amount in the Registry of the Court.[43] Accordingly, title has vested in the United States, the land is condemned, and Defendant is entitled to compensation by operation of law.[44] All that remains is for the Court to fix the time and terms of Defendant's surrender of possession.[45] The Court's authority to fix the time and place of possession is, in part, to ensure that the United States does not abuse the authority it has been granted and that landowners are afforded sufficient process before being deprived of their property.[46]

Thus, the Court finds the United States should be granted immediate possession of the Subject Property. However, although not requested by Defendant, the Court finds the United States must provide Defendant at least 72-hour notice before entering the Subject Property. The Court reminds the United States it should not, and may not, rely on the Court, an independent member of the judiciary, to rubber-stamp *any* judicial filing by *any party* without engaging in the scrutiny necessary to ensure fundamental fairness of process for all parties.

### IV. HOLDING

---

[42] *Kirby Forest Indus.*, 467 U.S. at 5; *162.20 Acres of Land*, 639 F.2d at 303 ("[W]here the government is not already in possession of the property, the filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").
[43] *See* Dkt. Nos. 2, 5; Minute Entry dated February 26, 2019.
[44] 40 U.S.C. § 3114(b).
[45] *Id.* § 3114(d)(1).
[46] *See U.S. v. 74.57 Acres*, No. 12-0239-WS-N, 2012 U.S. Dist. LEXIS 51441, at *7-8 (S.D. Ala. Apr. 11, 2012) (noting that "[f]ederal courts have construed [§ 3114(d)] as empowering (and perhaps even obligating) district courts to examine the equities of the matter to evaluate whether some undue hardship to the present landowner or occupant might warrant some temporal gap between the filing of the declaration of taking and the owners' surrender of possession."); *Sage*, 361 F.3d at 825 ("Although the district court fixes the time and any terms of the possession, the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay."); *United States v. Certain Land in Borough of Manhattan, City, County and State of New York*, 332 F.2d 679, 682 (2nd Cir. 1964) (remanding for district court to exercise its statutory power "to determine the terms and conditions of possession by the government" after hearing from such witnesses as all parties may wish to call); *United States v. 6576.27 Acres of Land, More or Less, in McLean County, N.D.*, 77 F. Supp. 244, 246 (D.N.D. 1948) (act affording court the power to fix time and terms of possession confers "duty on the part of this Court to see that such date for possession and terms of possession are in accordance with the equities.").

Based on the foregoing, the Court **GRANTS** the United States' motion for immediate possession.[47] Therefore, the Court **ORDERS** Defendant to allow the United States access to the Subject Property to the following terms:

> The United States is hereby granted the right to survey, make borings, and conduct other related investigations on Tract RGV-RGC-4002 for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. Additionally, the United States is granted the right to trim or remove any vegetative or structural obstacles on Tract RGV-RGC-4002 that interfere with the aforementioned purpose and work. The United States must provide Defendant 72-hour notice before entering Tract RGV-RGC-4002. The United States' possession of Tract RGV-RGC-4002 will begin immediately and will end on December 6, 2020.

Finally, the Court **CONTINUES** the parties December 17, 2019 status conference to **February 11, 2020 at 9:00 a.m.** The Court **ORDERS** the parties to submit individual briefings on the just compensation issue **by January 28, 2020**. In the alternative, the parties may file documentation establishing just compensation and/or dismissal documentation **by January 28, 2020**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of December, 2019.

                                                         Micaela Alvarez
                                                        United States District Judge

---

[47] Dkt. No. 19.